# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3771 | **DATE** | 6/10/2004 |
| **CASE TITLE** | Enrique Pardo vs. Kenneth Briley, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Pardo's application to proceed in forma pauperis is denied. (3-1) Pardo is ordered to pay the filing fee on or before June 21, 2004, failing which the Complaint and this action will be dismissed for nonpayment.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ENRIQUE PARDO #C81841,           )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   No.  04 C 3771
                                 )
KENNETH BRILEY, et al.,          )
                                 )
          Defendants.            )

DOCKETED
JUN 1 4 2004

MEMORANDUM ORDER

Enrique Pardo ("Pardo") has submitted a 42 U.S.C. §1983 ("Section 1983") Complaint against seven Illinois Department of Corrections people, using the form Complaint provided by this District Court's Clerk's Office for use by prisoners. In an effort to obtain in forma pauperis status under 28 U.S.C. §1915 ("Section 1915"), Pardo has accompanied his Complaint with a Clerk-provided form of In Forma Pauperis Application ("Application") and a six-month printout reflecting transactions in Pardo's inmate trust fund account at Lawrence Correctional Center, where he is now in custody (see Section 1915(a)(2)).

But Pardo's problem in that respect is that at all times during the relevant six-month period the balance in his account has fluctuated between a high of $485.66 and a low of $306.83, with an end balance of $334.49 remaining in the account. That of course is more than ample to enable Pardo to pay the $150 filing fee. Accordingly the Application is denied, and Pardo is ordered to pay the fee on or before June 21, 2004, failing which the Complaint and this action will be dismissed for nonpayment.

Pardo has fallen short in another respect. Although this

District Court's Rules and the Federal Rules of Civil Procedure combine to require the submission of an original and a judge's copy of every pleading, in addition to which copies must be provided for service on each defendant if officers of the court are to serve process (see Section 1915(d), applicable in the in forma pauperis situation), Pardo has provided only the original and seven counterparts of his bulky Complaint. This Court has retained the original and the judge's copy in anticipation of Pardo's payment of the filing fee, but the other six copies are being returned to Pardo with a copy of this memorandum order so that he may prepare the one necessary extra copy and arrange for service on the defendants.

In that last respect, a photocopy of Fed. R. Civ. P. ("Rule") 4 is enclosed for Pardo with a copy of this memorandum order. Pardo's attention is called particularly to the provision of Rule 4(c)(2) that allows service to be effected by any non-party who is at least 18 years of age and to the alternative possibility of seeking a waiver of service in accordance with Rule 4(d).[1]

                                        */s/ Milton I. Shadur*
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: June 10, 2004

---

[1] On that last score, Pardo is also being furnished copies of the form used for Rule 4(d) requests for waiver of service if he chooses that route, and Pardo's attention is further called to the provisions of Rule 4(m) as to the time limit for service (which may come into play if a request for waiver is made but a defendant does not then timely return a waiver, in which even personal service becomes necessary).